■ In the Matter of MICHAEL MORGILLO, Petitioner, v WILLIAM BRATTON et al., Respondents. [608 NYS2d 706] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority Police Department, dated April 11, 1991, which, reversing in part the recommendation of a Hearing Officer, made after a hearing, found the petitioner guilty of certain disciplinary charges and suspended him for 30 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Hearing Officer's report and recommendation was received by the respondent New York City Transit Authority Police Department (hereinafter Transit Authority Police Department) on March 24, 1991. A report and recommendation of a Hearing Officer is not deemed to be filed until after the petitioner has been afforded an opportunity to respond to the findings of the Hearing Officer *(see, Matter of Fogel v Board of Educ.,* 48 AD2d 925). Since the report and recommendation of the Hearing Officer in this case was not mailed to the petitioner until March 29, 1991, the determination of the Transit Authority Police Department, made on April 11, 1991, was within fifteen days of the filing of the Hearing Officer's report and recommendation *(see,* NY City Tr Auth Rules & Regs, ch 4, § 21.0).

The determination that the petitioner intentionally falsified two affidavits is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Moreover, the penalty imposed, a 30-day suspension, is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.